IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-00228-KDB-DSC

| | |
|---|---|
| JERMI LITTLE, <br><br> Plaintiffs, <br><br> v. <br><br> TIM CLINE <br> HANES INDUSTRIES <br> LYNN MATTHEWS, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on the parties' respective Motions in Limine (Doc. Nos. 46, 52). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT in part and DENY in part** the motions as set forth below.

Plaintiff Jermi Little was a production employee and a truck driver at Defendant Hanes Industries ("Hanes"), until he was terminated in December 2015. On October 7, 2019, the Court entered an Order narrowing the triable claims in this action to Little's claim that he was discriminated against because of his race (bi-racial) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII") and 42 U.S.C. 1981.

After numerous delays, trial was scheduled to begin November 16, 2020, but Plaintiff's counsel has again sought to postpone the trial for reasons related to the Covid-19 pandemic. Defendants do not oppose a stay of the action to accommodate Plaintiff's counsel, and the parties have agreed to engage in a judicial settlement conference ("JSC") while the matter is stayed. As discussed in a telephone conference with the parties' counsel on November 9, 2020, the Court

1

intends to enter a separate Order granting a stay and ordering the JSC. However, to provide the parties with further information as they consider a voluntary resolution and prepare the matter for trial in the event the matter is not settled, the Court will move forward and rule on the pending motions in limine before staying further proceedings.

Defendant's Motion

In its motion in limine, Defendant seeks to exclude several items of potential testimony and documentary evidence, which the Court resolves as follows:

1. **Testimony of Lisa Thompson or her counterpart concerning Hanes' initial post termination employment reference for Little stating that Little was terminated for the failure to report an accident (rather than report an accident to a customer).**

In connection with Defendant's termination of the Plaintiff, Defendant initially made available to a number of Plaintiff's future prospective employers a negative employment reference falsely stating that Little was terminated for failing to report an accident, rather than failing to report an accident to a customer (which is Defendant's stated reason for the termination). Plaintiff intends to present evidence related to this employment reference and its impact on Plaintiff as part of the jury's consideration of emotional distress damages and the Court's consideration of equitable relief if Plaintiff is successful in establishing liability.

Defendant asks the Court to exclude this evidence, arguing that it is unduly prejudicial and only potentially relevant to the issue of mitigation of damages in connection with the Court's post-trial consideration of back-pay and should not be heard by the jury. With respect to Plaintiff's contention that the testimony is also relevant to his claim for emotional distress damages, Defendant argues that the company's mistaken reporting of the reason for Little's termination cannot be considered as part of emotional distress damages because it does not flow from the termination itself.

The Court agrees with Plaintiff that the evidence may be presented to the jury, but will allow its introduction only with a limiting instruction that informs the jury that the evidence is only relevant with respect to the claim for emotional distress as it relates to Mr. Little's termination (which the Court finds to include the circumstance of the company's immediately related negative employment references, which would not have occurred absent the termination).[1] Indeed, the relevance of this evidence is obvious when the Court considers that had the company given Plaintiff a favorable reference and he had promptly obtained comparable new employment despite his termination, Defendant would no doubt urge the Court to allow that evidence to be considered in evaluating Plaintiff's claim for emotional distress damages.

   **2. Any documents, recordings, or findings from the proceedings at the U.S. Equal Employment Opportunity Commission ("EEOC") that are not actual statements made by Little or by management-level employees at Hanes.**

Based on the parties' briefs, it appears that the parties generally agree on the parameters of which documents related to the proceedings in the EEOC may be introduced at trial. Therefore, the Court rules that statements by the parties to the EEOC, including Hanes' position statement, may come into evidence, but that the EEOC's determination of the charges and other documents authored by the EEOC may not.[2] The disputed document related to Defendant's negative job reference will be admitted for the same reasons and with the same limiting instruction discussed above.

---

[1] The nature of the limiting instruction will be as follows: "Members of the Jury, you may only consider this evidence with respect to Mr. Little's claim for emotional distress damages related to Mr. Little's termination. You may not award damages to Mr. Little for the false statement itself nor may you consider whether the false statement was made in retaliation against Mr. Little." This instruction should reasonably protect Defendant from its concern that Plaintiff not be allowed to pursue a "backdoor" claim for retaliation.

[2] Plaintiff has suggested that the substance of the EEOC right to sue letter can be handled through a stipulation, which the Court finds to be a reasonable approach. If the parties cannot agree then the Court can revisit this issue.

3. **Plaintiff's income tax returns, job search records, or any other evidence relevant to make-whole relief or mitigation of damages.**

The parties agree that this evidence is relevant only to the post-trial issues of wage loss and mitigation. Accordingly, it need not and will not be considered until after the jury returns its verdict. So, the Court grants Defendant's motion on this issue.

4. **The Facebook page of Dustin Valko, a co-worker who Little alleges is a racist who caused Little to not mix with other employees and who Hanes promoted to supervisor after Little was terminated despite Little's complaint to management about Valko's allegedly racist Facebook page.**

One of the core circumstances to be litigated in this case relates to Defendant's instruction to Plaintiff that he should not engage with a customer if there was a problem. Little intends to rely on this instruction to establish that he acted properly after his accident at a customer's facility that Defendant alleges led to his termination (and which Plaintiff argues was a pretext for discrimination because other white drivers were treated differently). On the other hand, as discussed further below, Defendant wants to introduce evidence of Plaintiff's disciplinary history at the company to establish that it had good cause to believe Little was a "loner" and did not get along well with people which prompted this "customer instruction" and, according to Defendant, should have led Plaintiff to understand that the instruction did not apply to an accident.

In that context, Little wants to introduce evidence to rebut Defendant's arguments that he refused to mix with other employees, including that he did not do so because he was worried about interactions with Dustin Valko, who he says he reported to the company as a racist (a report that the company ignored and then later promoted Valko to be a supervisor). As the Court will allow

4

Defendants to present a substantial portion of its "loner" argument as described below, the Court will allow Plaintiff to introduce his evidence related to Dustin Valko.[3]

5. **The summary judgment declarations of Valerie Glaze and Shaunna Wano related to the post termination employment reference discussed above.**

Plaintiff says that he does not anticipate using these declarations except for impeachment. Accordingly, this portion of the motion will be denied as moot without prejudice to Defendant's ability to reassert this request if it becomes necessary.

Plaintiff's Motion

In his motion in limine, Plaintiff seeks to exclude the following evidence:

1. **Mr. Little's functional capacity examination medical records, which concern an examination which took place after Little 's termination from Hanes (Doc. 42, p. 2, Ex. P).**

This motion, which Defendant does not oppose, will be granted.

2. **Myrtle Beach Online newspaper article and video related to post termination events related to Little (Doc. 42, p. 2, Ex. R).**

This motion, which Defendant does not oppose, will be granted.

3. **Certain written warning letters and performance evaluations issued to Mr. Little during his employment with Hanes.**

Defendant has indicated that it intends to introduce the following employment records for Little:

    a. Written warning to Little dated August 20, 2012

    b. Email from Darrell Steele dated August 25, 2015

    c. Final written warning to Little dated November 12, 2012

---

[3] The evidence that Plaintiff reported Valko to Defendant as a racist and that he was later promoted to supervisor might also be relevant to Plaintiff's claim of intentional discrimination, although the Court need not reach that issue at this time as the evidence is relevant to Defendant's "loner" defense.

> d. Little's performance reviews, including reviews dated May 11, 2012, June 8, 2012, July 13, 2012, July 25, 2013, September 27, 2013, November 17, 2014 (date may not be exactly correct) and November 26, 2014.

As discussed above, Defendant intends to seek to introduce evidence related to Plaintiff's disciplinary history at the company. Hanes argues these records are relevant to its decision to instruct Little not to engage with customers and it has further argued in opposition to the motion in limine that the records disprove Plaintiff's claim of racial discrimination because some of the disputes were with other black employees and establish that Little's job was not in jeopardy thus he was not treated disparately because of his race. In his motion to exclude this evidence, Plaintiff says that he does not object to all evidence regarding his work performance, but "seeks to limit it to work issues which are related to the basis for termination and are within a reasonable time frame of the termination."[4]

The Court will permit Defendant to introduce some (but not all) of Plaintiff's past disciplinary records to explain their "customer instruction." However, the Court is concerned about the undue prejudice and limited probative value of introducing all the records, particularly the most distant 2012 records and records that are related to alleged "attitude" or job performance issues rather than Plaintiff's ability to get along with co-workers. Further, the Court finds that the race of the other employees with whom Plaintiff allegedly had disputes is not sufficiently probative (if it is relevant at all) to the issue of whether Defendant discriminated against Plaintiff to allow that information to be provided to the jury. Finally, the Court similarly finds that Hanes' argument that Little's disciplinary history itself does not reflect discrimination is not sufficiently probative of a

---

[4] Unfortunately, it is unclear whether Plaintiff wants all of the disciplinary employment history reflected in the listed records to be kept from the jury or only the most distant and "unrelated" portion of those records. The Court will assume the latter (but its ruling would of course be the same as to those records that it will permit Defendant to introduce).

6

Case 5:17-cv-00228-KDB-DSC    Document 62    Filed 11/12/20    Page 6 of 8

relevant fact not only because it lacks context without evidence the introduction of the full employment records of the company (which will not be permitted) but more importantly is not focused on the discipline at issue in this case, which is a termination of employment allegedly because of failing to report an accident to a customer.

Therefore, the Court will grant the motion with respect to the two 2012 "warnings" and the 2015 email (items (a), (b) and (c) above) and the July 25, 2013 performance review, but will allow the admission of the other documents for the limited purpose of establishing why Hanes instructed Plaintiff not to engage with customers, with an appropriate limiting instruction.[5] Also, Defendant's counsel is directed that they may not argue or present evidence as to the race of the other employees involved in disputes with Little or that Little's disciplinary history reflects a lack of discrimination. Defendant's counsel, may, of course, present evidence of how the company handled the discipline of events similar to the circumstances that it alleges led to Plaintiff's termination.

---

[5] The limiting instruction will be as follows: "Members of the Jury, you are instructed that the evidence of Mr. Little's employment records may only come in for a limited purpose, which is only related to the company's alleged instruction to Mr. Little to not engage with customers. You may not consider this evidence for any other purpose or assume that Mr. Little was at fault with respect to any of the specific matters described in these records because you have no evidence about them so it would be unfair for you to make any such assumptions. Also, the Defendant does not contend that its termination of Mr. Little was related to any part of his employment history other than the accident immediately preceding his termination."

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion in Limine (Doc. No. 46) is **GRANTED in part and DENIED in part** as described above: and

2. Plaintiff's Motion in Limine (Doc. No. 52) is **GRANTED in part and DENIED in part** as described above.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 10, 2020

Kenneth D. Bell
United States District Judge